**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIA A. COSGROVE,** | : | **No. 3:25-CV-738** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK J. BISIGNANO,[1]** | : | |
| **Commissioner of Social** | : | |
| **Security Administration,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the Court is the appeal by Plaintiff Julia Cosgrove of the decision by the Commissioner of Social Security Administration ("the Commissioner") to deny her application for disability benefits. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United Sates Code, Section 636(c)(1). For the reasons set forth below, the Court vacates the Commissioner's decision and remands the case for further proceedings.

---

1 Frank Bisignano was confirmed as the Commissioner of the Social Security Administration on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d) and Title 42, United States Code, Section 405(g), Bisignano is substituted as the defendant in this suit.

## I. <u>Introduction</u>

Cosgrove seeks judicial review of the Commissioner's final decision to deny her application for social security disability benefits under Title II of the Social Security Act. She alleges that Administrative Law Judge ("ALJ") Jarrod Tranguch committed three errors when determining that she was not disabled under the Social Security Act. Namely, Cosgrove claims that ALJ Tranguch: (1) failed to acknowledge the "law-of-the-case doctrine," "rule of mandate," and/or the "concept of finality" that apply to certain limitations in an earlier decision; (2) erred in erroneously omitting a limitation in Cosgrove's ability to carry out detailed instructions without explanation in her residual functional capacity assessment; and (3) erroneously omitted limitations in reaching/handling in her residual functional capacity assessment. Doc. 10 at 7. This matter is fully briefed and ripe for decision.

As explained below, the ALJ's conclusion on the second issue was not supported by substantial evidence in the record, nor coupled with sufficient reasoning to permit meaningful judicial review. Thus, the

Court vacates the Commissioner's decision to deny Cosgrove's claims for social security disability benefits and remands this case.

## II. <u>**Background**</u>[2]

On March 6, 2019, Cosgrove applied for social security disability benefits, alleging complete disability from degenerative disc disease of the lumbar spine status post hemilaminectomies and microdiscectomy; bipolar disorder; depression; and anxiety. Doc. 9 at 101. On April 22, 2019, John D. Chiampi, Ph.D., the state agency consulting psychologist, reviewed Cosgrove's records and provided his opinion on her mental limitations. *Id.* at 108. Dr. Chiampi opined, *inter alia*, that Cosgrove would be markedly limited in her ability to carry out detailed instructions. *Id.* at 109.

The Social Security Administration denied Cosgrove's application on May 3, 2019, and Cosgrove requested reconsideration. *Id.* at 126–29. On July 8, 2019, Helen Parshall, Ph.D., the state agency consulting psychologist on reconsideration, reviewed Cosgrove's records and provided an opinion regarding Cosgrove's mental limitations. *Id.* at 120.

---

[2] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court only provides a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

Dr. Parshall also opined that Cosgrove would be markedly limited in the ability to carry out detailed instructions. *Id.* at 122.

Cosgrove's application was denied again on July 26, 2019. *Id.* at 130–32. Cosgrove accordingly requested and received a hearing on December 17, 2019. *Id.* at 30–71; 136–37. Following the hearing, on February 19, 2020, ALJ Garrety issued a decision concluding that Cosgrove was not disabled. *Id.* at 9–28. Cosgrove unsuccessfully appealed the denial to the Appeals Council on November 30, 2020. *Id.* at 1.

On January 10, 2021, Cosgrove filed a Complaint in the Middle District of Pennsylvania, No. 1:21-cv-47, requesting review of the Commissioner's decision. The Commissioner filed an unopposed Motion to Remand on September 27, 2021, *id.* at 757, which was granted on the same day. *Id.* at 755.

On May 9, 2022, the Appeals Council issued a Notice remanding the case to ALJ Garrety. *Id.* at 766–70. A remand hearing was held on August 30, 2022, ALJ Garrety denied Cosgrove's claim for a second time on November 3, 2022. *Id.* at 707–26; 773–95. Cosgrove filed Exceptions

to this denial on November 21, 2022. *Id.* at 873–82. The Appeals Council granted Cosgrove's Exceptions on July 3, 2023. *Id.* at 796–800.

A remand hearing was held on November 14, 2023, this time before ALJ Tranguch. *Id.* at 680–706. ALJ Tranguch denied Cosgrove's claim on December 26, 2023. *Id.* at 651–79. Cosgrove filed Exceptions to this denial on January 4, 2024. *Id.* at 951–53. The Appeals Council denied Cosgrove's Exceptions on February 28, 2025. *Id.* at 643. As a result, the decision of the Commissioner became final as of that date.

In the instant appeal, Cosgrove seeks review of the final administrative decision of the Commissioner pursuant to Section 405(g). Doc. 1. The Commissioner provided the transcripts from the disability proceedings on July 3, 2025. Doc. 9. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 11–13.

## III. Discussion

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g);

*Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to reweigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial

review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations and quotations omitted).

An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence standard is unmet when an ALJ fails to resolve conflicts created by countervailing evidence).

**B. Detailed Instructions Limitation**

Cosgrove contends that the ALJ's assessment, hypothetical questions to the vocational expert, and step five findings cannot be supported by substantial evidence. Cosgrove maintains that notwithstanding ALJ Tranguch's determination that the two state agency psychologists' opinions were persuasive, he failed to include in her residual functional capacity the limitation identified by the psychologists regarding her ability to follow detailed instructions.

Cosgrove further avers that the detailed instructions limitation would have confined the occupations at step five to those that required only one-to-two step functions and precluded work at GED Reasoning Level 2. Doc. 10 at 17–23. An ALJ is required to explain the failure to include such limitations. *Shipman v. Kizaki*, 2023 WL 5599607, at *9 (M.D. 2023) (ALJ was required to explain the failure to include limitation, "particularly because the ALJ found this opinion to be generally persuasive and supported by the record.").

The Commissioner responds that the ALJ's residual functional capacity determination "precludes detailed instructions whether or not explicitly stated" because he "found [Cosgrove] capable of understanding, remembering, and carrying out simple instructions and performing simple, routine, repetitive tasks (Tr. 663)." Doc. 11 at 8. Further, the Commissioner avers that although the psychological consultants at the initial level, John Chiampi, Ph.D., and at the reconsideration level, Helen Parshall, Ph.D., opined that Plaintiff was markedly limited in her ability to carry out detailed instructions, "these are [Section I] ratings that do not constitute actual mental RFC findings which are contained in [Section III], the narrative portions of

the worksheet." *Id.* at 14–15. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 636 (3d Cir. 2010).

In her reply, Cosgrove concedes the psychologists' findings were not contained in the narrative section, but maintains that the Section I findings here must be read in conjunction with Section III findings. *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015); *Yurt v. Colvin*, 758 F.3d 850, 857–58 (7th Cir. 2014). In Cosgrove's view,

> [b]ecause Dr. Chiampi's Section III explanation merely stated that Plaintiff "retains capacity to perform basic routine tasks in schedule" and "should avoid complexities", we must look to Section I to gain clarification as to what Dr. Chiampi meant by ambiguous statements such as "avoid complexities." Doc. 9 at 110. Since Dr. Chiampi's Section I worksheet states that Plaintiff has marked limitations in the ability to carry out detailed instructions, *id.* at 112, a fair reading this opinion reflects that Dr. Chiampi understood "avoid[ing] complexities" to include an inability to carry out detailed tasks. Indeed, when reading the opinion as a whole, it is clear that Dr. Chiampi opined that Jones was limited in the ability carry out detailed instructions. The same is true of Dr. Parshall's opinion. *Id.* at 123.

Doc. 12 at 5–6.

Importantly, the Court of Appeals directs that the ALJ must not only state the evidence which supports the result but also indicate what evidence was rejected. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981). Additionally, an ALJ must address a claimant's markedly

limited ability to execute detailed instructions and consider whether the claimant is limited to one-to-two-step functions. *Stine v. Kijakazi*, 2023 WL 3483885, at *9 (E.D. Pa. 2023). Here, the ALJ failed to explain why he rejected the relevant medical evidence.

Turning to step five, Cosgrove asserts the ALJ erred in finding that Cosgrove may perform GED Reasoning Level Two occupations. Doc. 13 at 7. Cosgrove contends there is a discrepancy between the limitations opined by the psychologists and the residual functional capacity because jobs with reasoning level 2 require the ability "to carry out *detailed* but uninvolved written or oral instructions."(emphasis added) Dictionary of Occupational Titles, Appx. C – Components of the Definition Trailer, 1991 WL 688702.

The Commissioner avers there was no error because the ALJ decided Cosgrove possessed the mental residual functional capacity to carry out *basic routine* tasks in schedule and should *avoid complexities*, high stress, and high social demand tasks. Doc. 9 at 110, 123. Further, the Court of Appeals has held that "[w]orking at reasoning level 2 would not contradict the mandate that [a claimant's] work be

simple, routine[,] and repetitive." *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004).

However, this argument does not specifically address a claimant's limitation to one-to two-step tasks. Courts have found that a limitation to one-to two-step tasks is consistent with GED Reasoning Development Level 1, but *inconsistent* with GED Reasoning Development Level 2. *Ferrebee v. Kijakazi*, 2022 WL 905153, at *4 (M.D. Pa. 2022) (collecting cases). Further, because GED Reasoning Level 2 occupations require the ability to carry out detailed instructions, the Court agrees with Cosgrove that a person incapable of performing detailed tasks cannot perform GED Reasoning Level 2 occupations. Thus, because ALJ Tranguch's approach to defining Cosgrove's residual functional capacity omitted relevant evidence, and he failed to explain the omission, his reasoning was not sufficiently articulated to permit judicial review.

Finally, the Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the case for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100-01 (1991). However, the Court of Appeals advised that benefits

should only be awarded where "the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits." *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). Because the ALJ's decision was not supported by substantial evidence, the decision of the Commissioner is vacated, and further development of the record is required. Indeed, the Court does not intend for this remand to be construed as taking any position on the merits of Cosgrove's substantive claim of disability.[3]

## IV. Conclusion

Accordingly, the Court will vacate the decision of the Commissioner and remand this case for further proceedings consistent with this memorandum. A separate Order will be issued.

Date: September 30, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge

---

[3] As the decision of the Commissioner will be vacated and remanded on these grounds, an evaluation of Cosgrove's additional contentions is unnecessary, as the ALJ's reconsideration of Cosgrove's limitations may yield a different result. *Burns v. Colvin*, 156 F.Supp.3d 579, 598 (M.D. Pa. 2016).